## JOHN W. GUSTAFSON v. NORTHWESTERN REED & FIBRE COMPANY AND ANOTHER.[1]

May 9, 1930.

No. 27,867.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

*N. A. L'Herault* for defendant company and *W. J. Hoetger,* its receiver.

PER CURIAM.

The action is to recover $500 loaned defendant April 15, 1923, secured by five shares of its capital stock issued to plaintiff, said loan to be repaid with interest in the event defendant discharged plaintiff from its employ. The complaint alleged that without cause defendant discharged plaintiff on July 9, 1928, and refused to repay the loan though payment has been demanded. The answer denied that there was a loan, and alleged an unconditional purchase of five shares of stock, and further averred that plaintiff was discharged for cause. The court found the transaction to be a purchase of the shares and not a loan. Plaintiff appeals from the order denying his motion for a new trial.

[1]Reported in 230 N. W. 795.

Plaintiff lost a leg in the world war, and through the efforts of Mr. H. E. Erickson, a supervisor of industrial training in Minneapolis under the United States veterans bureau, had been placed in training at the Northwestern Reed & Rattan Company, operating a small factory in northeast Minneapolis. The company needed more capital, and defendant was formed to take over its business. Plaintiff desired to remain at work and was willing to furnish some money for the enterprise, provided its return to him might be secured should the employment terminate. It is to be inferred that no arrangement could be made unless approved by Mr. Erickson. So he met plaintiff and the chief officers of defendant in the latter's office in April, 1923. Both plaintiff and Erickson testify that plaintiff was to and did furnish defendant $500 as a loan, to secure which five shares of defendant's capital stock were issued and delivered to plaintiff, the loan to be repaid with interest if plaintiff was discharged from defendant's service or desired to quit it.

No record showing any subscription for stock by plaintiff was adduced. No stock dividend had ever been paid plaintiff. Defendant placed none of the officers who had had the transaction with plaintiff on the witness stand. Its only witness was its present president, who did not hold that office when the alleged loan was made and who was not present. And he could only testify that he never heard about this loan until 18 months prior to July 9, 1928, at which time the manager undertook to discharge plaintiff, but when one of the officers, who was such at the time of the loan, told this witness about the arrangement, plaintiff was reinstated in his job. The evidence is all one way that the money was turned over to defendant as a loan. We think the learned trial court was in error in the thought expressed in his memorandum, that contracts of this sort need to be of record.

The order is reversed.